

Kenita Lloyd, Pro-se
6844 Quindio Street
Las Vegas, NV 89166
725-726-0240
Kenita702@gmail.com

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

MAR 1 6 2026

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KENITA LLOYD,

　　　　　Plaintiff,

VS.

CLARK COUNTY SCHOOL DISTRICT (CCSD);
LORI ANDREWS, INDIVIDUALLY AND IN HER
OFFICIAL CAPACITY AS PRINCIPAL OF GRIFFITH
ELEMENTARY SCHOOL, AND DOES 1-25
.

　　　　　Defendants

Case No.: Number 2:26-cv-00765-MMD-EJY

COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF TITLE VII OF THE CIVIL
RIGHTS ACT OF 1964

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS
ACT OF 1964 RACE DISCRIMINATION, HOSTILE WORK ENVIRONMENT, AND RETALIATION

## I. INTRODUCTION

1. Plaintiff Kenita Lloyd brings this civil rights action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., to redress unlawful race discrimination, retaliation, and a racially hostile work environment.

2. Title VII makes it unlawful for an employer to discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment because of race.

3. The Supreme Court has held that discriminatory workplace practices that alter the conditions of employment violate Title VII. See Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993).

4. Title VII also prohibits retaliation against employees who oppose discriminatory conduct or participate in investigations of discrimination. See Burlington Northern & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006).

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - 1

5. Plaintiff was subjected to a pattern of discriminatory harassment, heightened scrutiny, humiliation, and retaliatory conduct by Defendant Lori Andrews.

6. These actions occurred while Andrews acted as a supervisory agent of Defendant Clark County School District.

7. The conduct described herein created a racially hostile work environment and materially adverse employment conditions.

8. The unlawful conduct culminated in a humiliating public confrontation on March 10, 2025, in which Andrews escalated a minor classroom matter and called police in front of Plaintiff's students.

9. Such treatment was extreme, disproportionate, and inconsistent with how white teachers were treated.

10. As a result of Defendants' conduct, Plaintiff has suffered severe emotional distress, reputational harm, and other damages.

## II. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction under 28 U.S.C. §1331 because this action arises under federal law.

12. Jurisdiction is also proper under 28 U.S.C. §1343 because Plaintiff seeks redress for violations of federally protected civil rights.

13. Venue is proper in the District of Nevada under 28 U.S.C. §1391 because the unlawful employment practices occurred within this judicial district.

## III. PARTIES

14. Plaintiff Kenita Lloyd is an African American educator residing in Nevada.

15. Plaintiff has worked as an elementary school teacher for the Clark County School District.

16. Defendant Clark County School District ("CCSD") is a public entity and employer under Title VII.

17. CCSD employs thousands of employees and is responsible for policies governing school administration and personnel practices.

18. Defendant Lori Andrews was the principal of Griffith Elementary School and had supervisory authority over Plaintiff.

19. Andrews acted within the scope of her employment and as an agent of CCSD.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - 2

20. Under Title VII, an employer is liable for the discriminatory actions of its supervisory employees. See Faragher v. City of Boca Raton, 524 U.S. 775 (1998).

## IV. ADMINISTRATIVE EXHAUSTION

21. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission.

22. The charge alleged race discrimination, retaliation, and hostile work environment.

23. The EEOC investigated the allegations.

24. On February 4, 2025, Plaintiff received a Notice of Right to Sue.

25. Plaintiff has therefore exhausted administrative remedies as required under Title VII.

## V. FACTUAL BACKGROUND AND PATTERN OF HARASSMENT

26. Plaintiff has consistently performed her duties as a teacher in a professional and competent manner

27. Plaintiff has demonstrated commitment to her students and school community.

28. After Defendant Andrews became principal, Plaintiff began experiencing discriminatory treatment.

29. Andrews repeatedly singled out Plaintiff for criticism regarding minor matters.

30. White teachers engaged in similar conduct without discipline.

31. Andrews imposed heightened scrutiny on Plaintiff's communications and classroom activities.

32. Plaintiff was reprimanded for sending work-related communications by email rather than a group chat platform.

33. Other teachers routinely used email without disciplinary consequences.

34. Andrews frequently criticized Plaintiff in front of colleagues and staff.

35. This conduct contributed to a racially hostile workplace environment.

36. The harassment occurred repeatedly over an extended period.

37. Plaintiff experienced stress, anxiety, and emotional distress as a result.

38. Plaintiff eventually complained about discriminatory treatment.

39. Following these complaints, retaliatory actions intensified.

40. Retaliation included further scrutiny, criticism, and attempts to impose discipline.

## VI. MARCH 10, 2025, INCIDENT

41. On March 10, 2025, Plaintiff celebrated a student's birthday by providing cupcakes for the class.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - 3

42. Such celebrations are common and encouraged in elementary school environments.

43. Defendant Andrews entered Plaintiff's classroom and confronted Plaintiff in front of students.

44. Andrews escalated the situation unnecessarily.

45. The confrontation publicly humiliated Plaintiff.

46. Andrews questioned Plaintiff's professionalism in front of the students.

47. Andrews contacted law enforcement regarding the situation.

48. The escalation was extreme and disproportionate.

49. Plaintiff reasonably believes a white teacher would not have been treated similarly.

50. The incident damaged Plaintiff's professional reputation.

## VII. HOSTILE WORK ENVIRONMENT – LEGAL STANDARD

51. A hostile work environment exists when harassment is sufficiently severe or pervasive to alter the conditions of employment.

52. The Supreme Court recognized this standard in Harris v. Forklift Systems, Inc.

53. The Ninth Circuit has repeatedly applied this standard to workplace discrimination claims. See Ray v. Henderson, 217 F.3d 1234 (9th Cir. 2000).

54. The harassment Plaintiff experienced was both severe and pervasive.

55. The conduct interfered with Plaintiff's ability to perform her job.

56. Plaintiff suffered humiliation and psychological stress.

57. Plaintiff sought counseling to cope with the effects of the harassment.

## VIII. RETALIATION – LEGAL STANDARD

58. Title VII prohibits retaliation against employees who oppose discrimination.

59. In Burlington Northern, the Supreme Court held that retaliation includes actions that would deter a reasonable employee from complaining about discrimination.

60. Plaintiff engaged in protected activity by complaining about discriminatory treatment.

61. Following her complaints, Defendants subjected Plaintiff to increased scrutiny and disciplinary threats.

62. These retaliatory acts would deter a reasonable employee from reporting discrimination.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - 4

## IX. LIABILITY OF CLARK COUNTY SCHOOL DISTRICT

63. Defendant CCSD is liable for the actions of its supervisory employees.

64. Andrews acted with authority delegated by CCSD.

65. CCSD knew or should have known about the discriminatory conduct.

66. CCSD failed to take prompt corrective action.

67. The policies and practices of CCSD allowed discriminatory conduct to occur.

68. Under established civil rights principles, a public entity may be liable when discriminatory practices are tolerated or ratified by policymakers.

## X. FIRST CAUSE OF ACTION – RACE DISCRIMINATION

69. Plaintiff incorporates all preceding paragraphs.

70. Plaintiff belongs to a protected class.

71. Plaintiff was qualified for her position.

72. Plaintiff suffered adverse employment actions.

73. Similarly situated employees outside Plaintiff's protected class were treated more favorably.

74. These actions constitute unlawful race discrimination under Title VII.

## XI. SECOND CAUSE OF ACTION – HOSTILE WORK ENVIRONMENT

75. Plaintiff incorporates all preceding paragraphs.

76. Plaintiff was subjected to unwelcome harassment.

77. The harassment was based on race.

78. The harassment was severe and pervasive.

79. The harassment altered the conditions of Plaintiff's employment.

## XII. THIRD CAUSE OF ACTION – RETALIATION

80. Plaintiff incorporates all preceding paragraphs.

81. Plaintiff engaged in protected activity by complaining about discrimination.

82. Defendants subjected Plaintiff to adverse actions.

83. The adverse actions were causally related to Plaintiff's complaints.

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - 5

## XIII. DAMAGES

84. Plaintiff suffered emotional distress and mental anguish.

85. Plaintiff suffered humiliation and reputational damage.

86. Plaintiff incurred counseling expenses.

87. Plaintiff seeks compensatory damages in the amount of $10,000,000.

88. Plaintiff also seeks punitive damages to deter similar conduct.

## XIV. PRAYER FOR RELIEF

89. Plaintiff requests judgment in her favor.

90. Plaintiff seeks compensatory damages in the amount of $10,000,000.00

91. Plaintiff seeks punitive damages in the amount of $50,000,000.00

92. Plaintiff seeks costs of suit and any other relief the Court deems appropriate.

## XV. JURY DEMAND

93. Plaintiff demands a trial by jury on all issues so triable.

## EXHIBITS

Exhibit A – EEOC Determination and Notice of Rights dated February 4, 2026.

Exhibit B – Clark County School District Police Incident Report dated March 10, 2025.

Exhibit C-   Grievance Hearing Record

## SERVICE ADDRESSES

Clark County School District – Office of the General Counsel
5100 W Sahara Ave
Las Vegas, NV 89146

Lori Andrews
Griffith Elementary School
3240 E Desert Inn Rd
Las Vegas, NV 89121

COMPLAINT FOR DAMAGES FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 - 6

Date: 3/16/26

Respectfully submitted,

Kenita Lloyd, Plaintiff, Pro Se

HUMAN RESOURCES DIVISION, *Employee-Management Relations*

**CCSD**

**CLARK COUNTY**

4212 EUCALYPTUS AVE., BLDG. 5 • LAS VEGAS, NEVADA 89121 • 702-799-0210 • FAX 702-799-5337

**SCHOOL DISTRICT**

BOARD OF SCHOOL TRUSTEES

Irene Bustamante Adams, President
Brenda Zamora, Vice President
Tameka Henry, Clerk
Isaac Barron, Member
Lorena Biassotti, Member
Linda P. Cavazos, Member
Lydia Dominguez, Member
Ramona Esparza-Stoffregan, Member
Adam Johnson, Member
Lisa Satory, Member
Emily Stevens, Member

Jhone Ebert, Superintendent

December 1, 2025

Ms. Jennifer McMillin
Advocacy & Representative
Clark County Education Association
4230 McLeod Drive
Las Vega, Nevada 89121

**RE: Kenita Lloyd**
  **Grievance No. 2526-019**
  **Written Warning dated 9/2/2025**

Dear Ms. McMillin:

You; Kenita Lloyd, Employee; Lori Andrews, Principal, Griffith Elementary School; Aranzazu Jimenez, Assistant Principal, Griffith Elementary School; Raymond Negrete, Director II, Employee-Management Relations; and I met on Tuesday, November 25, 2025, regarding the above-referenced matter.

You alleged a violation of the following provisions of the Negotiated Agreement between the Clark County School District and the Clark County Education Association:

Article 36 - Disciplinary Procedures

Having heard your presentation, you failed to establish a violation of the negotiated agreement; therefore, the grievance is denied.

Sincerely,

Christie Guida, Director II
Employee-Management Relations

CAG:lr
c: Lori Andrews

Main Office: 5100 WEST SAHARA AVENUE • LAS VEGAS, NEVADA 89146 • TELEPHONE (702) 799-CCSD (2273)

| **Clark County School District Police** | | **Continuation** |
|---|---|---|
| Incident Report Number: 25-029086 | Incident Location: 324 Essex Dr, Las Vegas, NV 89107 | Incident Date: 03/10/2025 |

Kenita Lloyd ███████████████████

Upon arrival at approximately 0944 hours, Officer Alexander was already speaking with Principal Andrews in her office. Andrews provided a written and verbal statement. She went into Kenita's classroom to clarify that cupcakes are not allowed & that they do not celebrate birthdays with food items like cupcakes as that is school policy. Kenita began to argue and say they are snacks and she has permission. Lori tried to reiterate that she knew she had a snack but that it was school policy that they don't do cupcakes/birthdays. Lori asked Kenita if it was a child's birthday to which Kenita did not answer but continued to argue with her. Lori reminded Kenita that the students were there and for her to stop yelling. Kenita said she wasn't yelling and continued to argue that she wasn't yelling, the cupcakes are snacks, and she has permission for the cupcakes. Lori walked towards the bookshelf/door and turned to the kids while saying hello and have a great day. Lori went and picked up the cupcakes from the bookcase to take them as they were not allowed. Lori said as she did this, Kenita walked from her desk (front of the room area) to the area she was at. Lori said Kenita came up from behind her, bumped into her, and snatched the cupcakes out of her hands. Lori said she went to take them from the top as they wobbled but Kenita turned and walked away with them back to her desk. Lori walked toward the door and directed Kenita to leave the classroom. Lori waited for her to leave but Kenita did not leave the classroom. Lori said it looked like Kenita was gathering up something on her desk, so she thought she was getting ready to leave. Lori then said it appeared that Kenita was NOT leaving so she gave her another direction to leave and asked if she heard her. Lori said Kenita stated that she can call school police. Lori said she asked Kenita if she wanted to do this and to just leave the classroom. She was directing Kenita to leave the classroom. Kenita kept walking in the room and at her desk while saying to call school police. Lori said she waited a bit longer and then left as Kenita was not leaving. Lori went back to her office with the Assistant Principal's school radio. Lori said she asked for the radio just in case she needed to radio for someone in case things escalated. Lori said she was not sure if Kenita wanted to harm her or just wanted to grab the cupcakes. Lori said she was shocked and upset when Kenita came up from behind her and snatched the cupcakes from her hands. Lori said she was very disappointed that this exchange happened in front of the students. Lori said if Kenita would have just said OK and she was able to walk away with the cupcakes, it would have been a non-issue.

Officer Alexander interviewed Kenita in the Principal conference room. She was on live on social media while being interviewed. She provided a verbal and written statement. Kenita stated Principal Andrews (Lori) approached her in her classroom while she was teaching. In the hallway, the office manager asked Destiny (Assistant Principal) if the cupcakes were approved. Kenita told her that the cupcakes had been approved by the parents. Lori then came into the classroom and asked her if the cupcakes were approved. Kenita said she had all of the parent's signatures for the cupcakes. Lori

| Reporting Officer(s): Brooks, Christopher | P #: 547 | Pages: 2 Of 4 |
|---|---|---|

| Clark County School District Police | Continuation |
|---|---|

| Incident Report Number | Incident Location: | Incident Date: |
|---|---|---|
| 25-029086 | 324 Essex Dr, Las Vegas, NV 89107 | 03/10/2025 |

then proceeded to tell her that she did not want the students to have the cupcakes. Kenita said she has had several snack donations this school year to which included cupcakes being given out. Kenita said "TODAY" was the first day it had been a problem. Lori began to raise her voice to which Kenita raised her voice back. However, Kenita was not screaming. Lori accused Kenita of screaming after Lori started this interaction in front of the kids. Kenita told Lori she could write her up. Lori then told her to step out of the classroom. Kenita told her that she was not leaving and she could call the police. Kenita said Lori began to take the cupcakes but she took them back because they were given to her. Lori then asked Kenita if she wanted to go this route. Lori told Kenita she was pitiful. Kenita responded by saying you are also with your third party information.

Based on information from both parties, there has been an "issue" with each other for quite some time (approximately 7 years or so.) Kenita feels she is being harassed while Lori feels Kenita does what she wants and doesn't worry about the discipline consequences.

Both parties were advised this incident would be documented ████████████████
████████████████████████████████████████████████████

Lori asked if we could walk Kenita out to her vehicle and advise her that she would be working from home until further instruction was given either via phone or e-mail. We gave Kenita this information, she grabbed her personal items from her classroom, and she left without incident.

There are two (2) attachments to this report.

Nothing further.

| Reporting Officer(s): | P #: | Pages: |
|---|---|---|
| Brooks, Christopher | 547 | 3 Of 4 |

## Clark County School District Police

**Continuation**

| Incident Report Number | Incident Location: | Incident Date: |
|---|---|---|
| 25-029086 | 324 Essex Dr, Las Vegas, NV 89107 | 03/10/2025 |

**NAMES**

**Suspect**

Lloyd, Kenita Ruby B/F-39 of 6844 Quindio St, Las Vegas, NV 89166

HT: 507    WT: 190    Hair: Black

Eyes: Brown

Phone 1:(725) 726-0240    Phone 2:(702) 799-4200

=================================================================================

| Reporting Officer(s): | P #: | Pages: |
|---|---|---|
| Brooks, Christopher | 547 | 4 Of 4 |



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Honolulu Local Office
300 Ala Moana Blvd, Room 4-257
Honolulu, HI 96850
(808) 800-2350
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 02/04/2026

**To:** Ms. Kenita R. Lloyd
6844 Quindio st.
LAS VEGAS, NV 89166
Charge No: 487-2025-03035

EEOC Representative and email:     SAULO CORNIEL
EQUAL OPPORTUNITY INVESTIGATOR
SAULO.CORNIEL@EEOC.GOV

## DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 487-2025-03035.

On behalf of the Commission,

Digitally Signed By:Juan Serrata
02/04/2026
Juan Serrata
Acting Director

Enclosure with EEOC Notice of Closure and Rights (05/25)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal.** You should **keep a record of the date you received EEOC's official notice of dismissal.** Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a